DENNIS A. SMYTH, Appellant, v. CHARLES R. REED and ANNIE S. REED, Respondents.

**No. 1559.     (78 Pac. 478.)**

**Deed Construed and Held a Conditional Sale.**
Where R. deeds property to F., and by contemporaneous agreement it is provided that, on payment to F. by R. of a certain sum by a certain day, F. will reconvey the property, and time is expressly made of the essence of the contract, and it is declared that, in default of the payment on or before such time, the agreement shall be null and void, and R. does not promise or bind himself to make the payments, there is a conditional sale, not a mortgage.

(Decided November 15, 1904.)

Appeal from the Second District Court, Weber County.—*Hon. H. H. Rolapp,* Judge.

The opinion states the facts and nature of the action. From a decree in favor of the defendants, the plaintiff appealed.

REVERSED.

*W. L. Maginnis, Esq.,* for appellant.

The evidence establishes a conditional sale—not a mortgage. Nowhere in the agreement was there any debt created in favor of the plaintiff's grantor against the defendants and nowhere in the agreement do the defendants assume any obligation to pay plaintiff's grantor any sum of money, and before an absolute deed can be held to be a mortgage, the relation of the debtor and creditor must be shown to exsist at the time of the execution of the deed and the agreement to reconvey. Carroll v. Tomlinson, 61 N. E. 484; Farmer v. Grose,

42 Cal. 169; Page v. Villac, 42 Cal. 75; Riley v. Starr, 67 N. W. 187; Saddler v. Taylor, 38 S. E. 583; Tripler v. Campbell, 47 Atl. 385; Doying v. Cheesbrough, 36 Atl. 893; Martin v. Martin, 26 To. 525; Reavis v. Reavis, 103 Fed. 813.

In cases of this character it is generally held that the burden of proving that the instruments constitute a mortgage is upon the party asserting it. Miller v. Price, 44 S. E. 584, 20 Am. and Eng. Ency. of Law (2d Ed.), 954.

And most courts hold that the proof must be clear and satisfactory. Sullivan v. Wood, 50 Pac. 113; Perot v. Cooper, 28 Pac. 391; Gassert v. Bogk, 19 Pac. 281; Glancart v. Henry, 33 Pac. 92; Henley v. Hotaling, 41 Cal. 22; Hanford v. Blessing, 80 Ill. 188; Winters v. Swift, 3 Pac. 15; Canal Co. v. Crawford, 4 Pac 113; Larsen v. Dutiel, 85 N. W. 1008.

It was suggested in the argument in the court below that if the deed and contract were held to be a mortgage, plaintiff did not succeed to the rights of Fitzgerald under such mortgage. There might be some force in the suggestion had it been in form a mortgage, but the court held that where the grantee of a deed absolute in form (which is in fact a mortgage) conveys the property by deed with notice to the second grantee of its being a security the deed operates as an assignment of the mortgage and debt. Mott v. Fisk, 58 N. E. 1053; Halsey v. Martin, 22 Cal. 645; Decker v. Leonard, 6 Lansing 264; Leahigh v. White, 8 Nev. 147; Salvage v. Haydock, 44 Atl. 696; Ins. Co. v. Slee, 13 N. E. 222; Kiddell v. Bristow, 45 S. E. 174; English v. Rainer, 55 Atl. 41, 1 Jones on Mortgages, sec 255.

*Messrs. Rogers & Street* for respondents.

Section 3517, Revised Statutes 1898, provides: "A mortgage of real property shall not be deemed a conveyance whatever its terms so as to enable the owner of the mortgage to recover possession of the real property without a foreclosure and sale."

Section 3948, Rev. Stat. 1898, in substance provides that there can be but one action for the recovery of any debt or the enforcement of any right secured by mortgage upon real estate which must be by foreclosure in court and sale thereunder.

Under these provisions it has been repeatedly held that an absolute deed of real property to secure a debt is in effect a mortgage and does not pass the title to the land, but simply creates a lien on the mortgaged property which must be foreclosed in the manner provided by statute. Stevens v. South Ogden I. Co., 20 Utah 267-277; Peck v. Ins. Co., 16 Utah 121; Azzalia v. St. Claire, 23 Utah 401-408; Fields v. Cobbey, 22 Utah 415; Thompson v. Cheeseman, 15 Utah 52.

BASKIN, C. J.—It is alleged, in substance, in the amended complaint, that the defendants on the 26th day of June, 1893, by a warranty deed, conveyed to one Christopher Fitzgerald, in fee simple, the undivided one-half of the real estate described in said amended complaint, and on the same day the following agreement in writing was entered into, to-wit.

"This agreement made and entered into this 26th day of June, 1893, between Christopher Fitzgerald of Evanston, Wyoming, party of the first part, and Charles R. Reed of Ogden, Utah, party of the second part.

"Witnesseth: That whereas the party of the second part has heretofore sold and conveyed to the party of the first part by his deed bearing date the 26th day of June, 1893, A. D., his undivided one-half interest in and to certain real estate situated in the city of Ogden, County of Weber, and Territory of Utah, and described as follows, to-wit: [Here follows description.]

"Now, therefore, the party of the first part covenants and agrees to and with the said party of the second part that he, the party of the first part, will complete the payment of the purchase money of the said property, the same being the balance of the principal and interest of a certain mortgage upon said property

to the Union Pacific Railroad Company, heretofore assumed by the parties hereto, and also all taxes and assessments due or to become due upon said property.

"And the said party of the first part further covenants and agrees to and with the party of the second part that upon the payment to him on or before the 15th day of February, 1895, by the said party of the second part, of the sum of four thousand one hundred and eighty-four dollars and fifty five cents ($4,184.55) and interest thereon at the rate of 12 per cent per annum from the 15th day of June, A. D., 1893 and also all other sums of money by way of taxes, assessments or otherwise hereafter paid by the party of the first part, for the protection of said property so conveyed as aforesaid, together with interest thereon at the rate of 12 per cent per annum from the time of such payment by the party of the first part, and the further sum of three hundred ($300) dollars (all of said sums to be paid in gold coin of the United States at the banking house of Beckwith and Company, Evanston, Wyoming), then upon such payments as aforesaid the party of the first part will reconvey by a good and sufficient deed of conveyance to the party of the second part, the said undivided one-half of the property above described.

"And it is especially covenanted and agreed that time is of the essence of this contract, and that in default of the payment of said sums of money and interest thereon, as aforesaid, or any part thereof, within the time aforesaid, to-wit: on or before the 15th day of February, 1895 then these presents are to be null and void and of no effect."

That on the 8th day of July, 1902 the said Fitzgerald, for a good and valuable consideration, conveyed the whole of the real estate described in the complaint to one Lewis Nazare Begin, and on the 16th day of March, 1903, the said Begin, for a good and valuable consideration, conveyed said real estate to Dennis A. Smyth, the plaintiff, that the said defendants, nor either of them, have ever tendered or offered to pay to

the said Fitzgerald, or to either of his said successors in interest, the sums of money provided for in said agreement (the amended complaint was verified and filed April 1, 1903); that the defendant Charles R. Reed, claiming to be the owner of an undivided one-half of said real estate, on the 21st day of March, 1903, entered upon the same and began the erection of a building thereon, and by such action is casting a cloud upon the title thereto of the plaintiff.

The complaint contains a prayer "that said agreement be decreed to be an agreement for a conditional sale, and the said defendant Reed having failed to avail himself of the conditions of repurchasing the property, that the estate and the title of the plaintiff may be declared absolute and free from any lien, claim, or equity of redemption by virtue of said agreement, or that in the event that said deed of conveyance, in connection with said agreement, should be held to be a mortgage of one-half of said real estate, then that the mortgage be foreclosed" etc. There is also a prayer for such other and further relief as to the court might seem meet and equitable in the premises.

The answer in express terms admits the execution of the deed and agreement set up in the complaint; alleges that "said so-called deed, taken in connection with said agreement, might, ought, and should be deemed a mortgage, and not a conditional sale;" and, as to the foreclosure, pleads the statute of limitations.

The allegation of the complaint that the defendants, nor either of them, have ever tendered or offered to pay to the said Fitzgerald, or to either of his said successors in interest, the sums of money provided for in said agreement, not having been denied by the answer, is admitted. It appears that, at the time the warranty deed and agreement was executed, the said Fitzgerald was the owner, in common with the said Charles R. Reed, of an undivided one-half of the real estate in question, and that the said Annie S. Reed was the wife of said Charles R. Reed. The court below, in the findings of facts and conclusions, found that said deed and agree-

ment constituted a mortgage to secure the payment of the sums of money mentioned in the agreement, and that plaintiff's right of action, if any, accrued at all on the 16th day of February, 1901, became forever barred by the provisions of section 2875, Rev. St. 1898, and a decree was entered in conformity therewith.

The controlling question in the case is whether the parties intended the deed and the contemporaneous agreement to operate as a conditional sale, or merely as security for a debt. As stated in 1 Jones on Mortgages. sec. 264: "Different instruments executed at the same time, constituting one transaction are to be read together, in order to ascertain the intent of the parties. Of course, it is entirely competent for persons capable of acting for themselves to make a sale with a reservation to the vendor of a right to repurchase the same land at a fixed price, and at a specified time; and the inquiry in every case therefore, is whether the contract is a security for the repayment of money, or an actual or conditional sale. The rights of the parties to the conveyance must be reciprocal. If the transaction be in the nature of a mortgage, so that the grantor may insist upon a reconveyance, the grantee at the same time may insist upon repayment; but if it be a conditional sale, so that the grantor need not repurchase, except at his option, the grantee cannot insist upon repayment." And as stated by the same author in section 265: "If an absolute conveyance be made and accepted in payment of an existing debt, and not merely as security for it, an agreement by the grantee to reconvey the land to the-grantor upon receiving a certain sum within a specified time does not create a mortgage, but a conditional sale, and the grantee holds the premises subject only to the right of the grantor to demand a reconveyance according to the terms of the agreement. A debt either pre-existing or created at the time, or contracted to be created is an essential requisite of a mortgage." By reference to the contemporaneous agreement, it will be seen that the defendant Charles R. Reed,

does not promise or bind himself to make the payments therein mentioned and that it contains a special clause making time the essence of the contract, and provides that, on default in the payment of the sums and interest mentioned within the time specified, the agreement should become null and void. The absolute conveyance of the undivided interest of Reed in said real estate and the contemporaneous agreement, read together, show upon their face that a conditional sale, and not a mortgage to secure either an existing or contemplated indebtedness of Reed, was intended. In the case of Ewing v. Keith, 16 Utah 312, 52 Pac. 4, this court held that, "in an action to declare a deed to be a mortgage, it is incumbent upon the party seeking such relief to overcome, by clear, unequivocal, convincing testimony, the strong presumption arising in favor of the terms of the written instrument." In view of the foregoing authorities, the evidence adduced in the case, other than the absolute deed and contemporaneous agreement, is not sufficient to limit the effect of the terms of these written instruments.

It is ordered that the decree be reversed, and the case remanded, with directions to the court below to enter a decree quieting the title to the premises in dispute, and that the appellant be awarded his costs.

BARTCH and McCARTY, JJ., concur.